## ALLEN *v.* HIXSON.

1. An employee who, as a mere volunteer, does an act entirely outside of the scope of his employment, and in consequence receives personal injuries, can not hold his master liable therefor.
2. No cause of action arises from a failure to perform an act of humanity, if such failure involves no breach of a duty imposed by law.

Argued June 21, — Decided July 14, 1900.

Action for damages. Before Judge Eve. City court of Richmond county. January 8, 1900.

The plaintiff was a young woman employed in the defendant's laundry, as an operative of a mangle, which consisted of an upright frame holding two horizontal metallic rollers covered with divers layers of cloth, and an uncovered hollow metallic bar between said rollers and a lever or appliance on one side of said frame for the purpose of bringing the rollers in close proximity to the bar, and on the other side of the frame was an arrangement of band-wheel and cog-wheel for receiving and conveying steam power to the rollers. The method of operating the mangle was to put the rollers in motion by the appliance of steam power through said arrangement of band-wheel and cog-wheel, and then bring the rollers in close proximity to the bar by the use of the lever. When steam power was so applied the rollers would revolve parallel to each other and to the bar, but with an interstice between them sufficient to allow the introduction of a hand; but when the lever was used for the usual operation of the mangle, the rollers would be brought into such close proximity to the bar as only to admit of the passage between them of a collar, cuff, or other article to be laundered. After the application of steam power it was the duty of plaintiff to bring the rollers into close proximity to the bar by the use of the lever, and then to insert the articles to be ironed. One morning on coming to work she found that the power had been applied and that the rollers were revolving, but she observed that they were not revolving in their usual and proper manner, namely upon axles parallel to each other, but converged obliquely, so that at their right-hand ends, facing the machine, they were closer together than at the other ends. She further observed that the cloth layers on the rollers were not firmly wrapped around them in their usual manner, so as to remain firmly in position, but they appeared to be loose and loosening so as to be unwinding from the rollers, the unwound portion lying in front of the rollers and extending out upon the shelf in front of them. The lever had not been so applied as to bring the rollers into close proximity, nor did she apply it. Seeing that the machine was not in its usual condition, she did not attempt to use it, but reported that fact to Pickett, the representative, general superintendent, and master mechanic of defendant in said business,

it being her duty to make such report to him, and to obey his orders. He came to inspect the mangle. The unwrapped cloth concealed from view the condition of the rollers; and in order to show Pickett such condition, she, using her right hand, took hold of the unwrapped end of the cloth then lying on the shelf, in order to raise the cloth and allow an inspection of the rollers. The cloth could and would have been handled by her with perfect safety but for a hidden defect in some other part of the machine, of which defect she had no warning or knowledge; but at the instant she so took up the cloth, a sudden, violent, and unexpected jolt of said other part of the machine caused the rollers to come into violent contact with said bar, and at the same instant, and before she could drop the cloth or withdraw her hand, drew the cloth and her hand and wrist with great force and velocity between one of the rollers and the bar, crushing her hand and wrist. She alleges that the injury was directly caused by the defendant's negligence in having the machine in an unsafe and dangerous condition, which condition was known to defendant, she being unable, from her ignorance of the constructing and operating details of machinery, to state the mechanical cause of this condition; that she was not negligent, and could not by ordinary care have avoided the consequences to herself of defendant's negligence; and that defendant negligently allowed her hand and wrist to remain between the roller and bar for half an hour, thereby grievously aggravating her agonizing suffering, which she describes in detail. She also alleges her age, earnings, etc. A general demurrer was sustained, and she excepted.

*F. W. Capers* and *Salem Dutcher*, for plaintiff.
*Joseph B. & Bryan Cumming*, for defendant.

LUMPKIN, P. J. The bill of exceptions alleges error in sustaining a general demurrer to the plaintiff's petition, the substance of which appears in the official report. Assuming as true the plaintiff's allegations, we agree with the trial judge that she did not set forth a cause of action. It affirmatively appears that it was her duty to feed the machine by which she was injured, and it is a legitimate inference that it was also incumbent upon her to inform the superintendent that this ma-

chine was out of order. Beyond this it can not be gathered from her petition that anything more was required of her. It is therefore clear that she was not injured while in the performance of any duty growing out of the service in which she was engaged. It follows that the master was under no duty of protecting her against injuries received while she was, as a mere volunteer, endeavoring to accomplish something entirely outside the scope of her employment. The act which caused her injury was certainly one of this kind, for, in taking hold of the unwrapped cloth for the purpose of showing the superintendent the condition of the machine, she volunteered to perform a service not required of her, and therefore necessarily acted upon her own responsibility and at her own risk. It makes no difference that the machine had a defective part of which she was ignorant; for its existence could not, on the occasion referred to in her petition, have been the source of injury to her if she had confined herself to the performance of the duties pertaining to the service for which she was employed. As will have been seen, plaintiff was an adult, and actually knew, when she approached the machine, that it was out of order. Recognizing the danger of attempting to operate it in that condition, she prudently refrained from so doing, and made a prompt report to the superintendent in regard to the matter. Unfortunately, however, she did not continue to exercise the same degree of prudence when she went outside the scope of her duties, and, without any direction or request on his part, volunteered to assist him in ascertaining precisely the extent and character of the derangement which had brought about the condition in which she had found the machine.

As to so much of the petition as claims damages because the "defendant negligently allowed petitioner's hand and wrist to remain between said roller and bar," or because of the defendant's "negligently failing . . to effect her release," we do not think a good cause of action is set forth. When an employee, without fault on the master's part, becomes placed in a dangerous or painful situation, the master is under no positive legal duty of exercising all reasonable care and diligence to effect such employee's speedy release. Being in no way responsible for the unfortunate occurrence, the master can not be said to

be guilty of a tort if he does not promptly take active steps in coming to the rescue. The only duty arising under such circumstances is one of humanity, and for a breach thereof the law does not, so far as we are informed, impose any liability.

*Judgment affirmed. All the Justices concurring.*