3852, 3853. DAVIS *v.* SAVANNAH LUMBER Co., and *vice versa.*

RUSSELL, J. 1. The court erred in ordering a nonsuit. Though the evidence justifies the conclusion that the plaintiff intended to volunteer his services for the purpose of throwing off a belt and stopping the saw which burst and injured him, still it is uncontradicted that his attempt to intervene was futile, and that the bursting of the saw was not due to nor in anywise affected by his act. It burst without his interfering with it in any way, and before he had time to reach the lever with which he intended to throw off the belt. To constitute one a volunteer he must *do* some act, and not merely *intend* to do something which may contribute to his injury. Under the evidence the presence of the plaintiff near the saw in question was authorized. He was entitled to pursue his labor in the planing mill and at the saw, and the question as to whether his going to the particular point where he was injured, at the particular time of the injury, was such contributory negligence as would diminish or defeat a recovery was for solution by the jury, and not the court.

2. Even if the plaintiff could be treated as a volunteer, the evidence in his behalf tended to show a contract by the terms of which the opposite party of the contract was bound to furnish him with the saw and keep it in good order; but the plaintiff, upon his part, was to operate it in the conduct of his own business. He, therefore, had an interest in the preservation of the saw for the promotion and continuance of his business, which authorized him to attempt to save it from injury, when he saw that the engine was "racing" by reason of the fact that the load of other machinery had been taken off, and that in consequence thereof the saw was running at such an excessive rate of speed that it might be detached or broken. One assisting the servants of another to facilitate his own business, or that of one to whom he sustains a contractual business relation, mutually beneficial, is not a volunteer.

3. The facts of the present case distinguish it from the case of *Hixon* v. *Allen*, 111 *Ga.* 460 (36 S. E. 810), in that in the *Hixon* case it was clear that the act of Miss Allen was the proximate cause of her injury. In the present case the only real act done by the plaintiff was in moving his position from one portion of the planing mill to another, and only the jury can say whether or not the plaintiff's act in moving his position caused the injury.

4. The court did not err in refusing to nonsuit the plaintiff upon the ground that the evidence showed that a partnership existed between the parties. While liability for losses will generally be implied from proof that the contract stipulates for a division of the profits, and a sharing of the profits may imply a partnership, still the existence of a partnership is not to be implied where it appears indisputably from the proof that there was not a common liability for losses. Under a contract of the nature testified to by the plaintiff, there is no connection or mutuality in any possible loss which might be sustained by either party. Apparently the defendant could not lose at all as a result of the contract, because it was the plaintiff's duty to pay over to

it so much for each load of wood which he sold. But even if the defendant could not be subject to a loss in the business relation created by the contract, it could not in any event participate in any loss which might be sustained by the plaintiff; for he furnished his own teams and drivers and paid them himself; he furnished his own labor in sawing the wood; and if the expense of cutting and delivering the wood and feeding his teams amounted to more than his proceeds, the loss which would result was, under the terms of the contract, the plaintiff's individual concern.

(a) Moreover, the defendant, being a corporation, could not enter into a partnership.

5. The court did not err in refusing to nonsuit the plaintiff upon the ground that the evidence failed to show any negligence on the part of the defendant to the plaintiff. Under the terms of the contract relied upon, and under the evidence, the plaintiff was entitled to have the court submit to the jury the question of the defendant's negligence. Under the testimony his presence at the scene of the injury at the time it was inflicted was authorized, as that of a licensee; and the bursting of the saw was an extraordinary circumstance. The saw was in the possession of the defendant, and, under the testimony, it was its duty, under the contract, to exercise reasonable and ordinary diligence to keep it in good condition, so that it would not injure any one. For these reasons it was for the jury to say whether the circumstances themselves speak of negligence, and whether the evidential rule of res ipsa loquitur should be applied.

6. The court did not err in refusing to nonsuit upon the ground that the plaintiff had equal or better opportunity than the defendant to know of the alleged defects. Under the terms of the particular contract relied upon by the plaintiff, he was not the defendant's servant and was not charged with the same duty of knowing and observing defects in the machinery furnished for his use as a servant should be, and could be assumed to be, who undertook the duty of using the machinery. Under the terms of the contract as proved by the plaintiff, no other duty devolved upon him than to exercise ordinary care for his own safety in using the saw; "and the defendant was charged with the duty of using ordinary care and diligence in furnishing and keeping the saw in a sound, safe, and fit condition."

*Judgment on the main bill of exceptions reversed; judgment on the cross-bill affirmed.*

DECIDED OCTOBER 2, 1912.

Action for damages; from city court of Savannah—Judge Davis Freeman. November 19, 1911.

*Shelby Myrick, Osborne & Lawrence,* for plaintiff.
*Adams & Adams,* for defendant.