### 5465. Byrd v. Atlanta National Bank et al.

Russell, C. J. 1. The existence of negligence is peculiarly a fact for determination by a jury. Judicial cognizance does not extend to or include knowledge that it is not negligence for the grating surrounding an elevator-shaft to be so constructed as to permit the hand of one who is endeavoring to press the elevator button to pass between the bars; for the jury might find that in the exercise of that extraordinary diligence which devolves upon the owner of an elevator, as a common carrier (*Helmly* v. *Savannah Office Building Co.*, 13 *Ga. App.* 498 (79 S. E. 364)), the portion at least of the grating which is adjacent to the press-button should be protected by some device which would obviate the possibility of injury to one rightfully in the building and preparing, as a passenger, to use the elevator.

2. The owner of an office building impliedly invites the presence of all patrons or customers having business with his tenants; and, by virtue of this invitation, the owner of an office building in which a tenant is engaged in the practice of his profession as an oculist is bound to anticipate the presence therein of persons whose eyesight is affected or defective, and who therefore are unable to perceive dangers which might be obvious to persons in possession of unimpaired vision. Further, the owner of a building more than twelve stories in height, which is occupied in part by physicians as his tenants, must anticipate that numerous persons, either temporarily or permanently disabled in some respect, in accepting the implied invitation extended by him through his tenants, will be passengers upon elevators provided by him as a means of ingress and egress.

3. The allegation of the petition in which there is an intimation that the defendant was negligent in that the servant in charge of the elevator failed to see the plaintiff's hand may be demurrable, in view of other allegations apparently in conflict with it, from which it seems impossible for the servant to have seen objects through the floor of the elevator; but, for the reasons stated above, the court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Broyles, J., not presiding.*
Decided February 13, 1915.

Action for damages; from city court of Atlanta—Judge H. M. Reid. December 1, 1913.

*Lawton Nalley,* for plaintiff. *Dodd & Dodd,* for defendant.