### SOUTHERN MARBLE COMPANY *v.* FAUCETT.

ATKINSON, J. 1. One of the grounds of the motion for new trial complains of an excerpt from the charge to the jury, on the weight to be given to the testimony of a witness who has been impeached, where he has been corroborated as to the matters upon which he has testified. This ground fails to specify clearly the objection taken to the charge. In so far as it goes, the charge was in substantial accord with the provisions of the Civil Code, § 5884, and will not require a new trial for any reason assigned.

2. One of defendant's counsel was sworn as a witness for the defendant,

and while on cross-examination answered certain questions propounded to him as to his relation to the case and his connection with a certain adjustment company. After this examination had continued at length, defendant's counsel "objected to the line of examination," and the court ruled "that the interest of the witness in the case could be shown." Other questions were then propounded and answered, touching the attorney's employment by the defendant. After the examination had again gone to some length, defendant's counsel objected, and the court ordered the line of examination to cease. No motion was made or other ruling by the court invoked. *Held*, that such an incident will not afford cause for a new trial on the ground that the cross-examination may have been unfair.

3. A mill-house in which marble was cut by machinery contained large doorways. There were sliding doors for the several doorways, which fitted into grooves at the bottom and were suspended from an overhead iron track on which rollers attached to the doors rested. The function of the rollers was to facilitate the movement of the doors. Dust from the mill tended to accumulate in the grooves in which the bottom of the door rested. A laborer employed at the mill, while engaged in the course of his duties, was attempting, with the assistance of his colaborer, to open one of the doors. When it was partially opened it became fastened and ceased to roll. Without examining the track above, or the groove in which the door rested, the laborer went to one edge of the door while the colaborer remained at the other, and each applied his strength to open the door. As they did so a section of the track on which the rollers rested fell upon the laborer and injured him. There was evidence tending to show that the track was improperly constructed and was insecure. *Held*, that the laborer was not acting beyond the scope of his employment in persisting in his attempt to open the door after it had become fastened.

(*a*) The case differs on its facts from that of *Allen* v. *Hixson*, 111 *Ga.* 460 (36 S. E. 810).

(*b*) The evidence did not demand a finding that the injury was the result of the negligence of the plaintiff or his colaborer, or that the plaintiff could have avoided the injury by the exercise of ordinary care.

(*c*) The jury was authorized to find that the injury was the result of the defendant's negligence, as alleged; and the verdict for the plaintiff was not excessive.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*

NOVEMBER 11, 1915.

Action for damages. Before Judge Patterson. Pickens superior court. December 21, 1914.

A. H. Davis and C. B. Atkins, for plaintiff in error.

F. C. & Howard Tate and J. B. McCallum, contra.