## McCORMICK *v.* ROBINSON.

GRICE, Justice. 1. Where in petition seeking cancellation of deeds, one of them a deed to the petitioner's mother, and to have set up and established the petitioner's deed, the allegations show that nearly ten

years before the filing of the petition a deed was executed by the brother of the petitioner, conveying the realty in question to the petitioner's mother, who had her deed duly recorded, and that she held and possessed the realty so conveyed for nearly ten years, during which time the petitioner acquiesced therein by negotiating and procuring for her mother a loan on the realty to save the same; and where the petitioner alleges that her deed to the same realty actually antedated that to her mother, but the petitioner's deed is not set forth in substance or by copy attached to the petition, and there is no allegation that the deed was ever delivered to and accepted by the petitioner, the petition fails to set forth facts which would authorize a court of equity to cancel the mother's deed on the ground that she fraudulently obtained her deed from the plaintiff's brother after the latter's deed conveying the same property to the petitioner.

2. It follows that the petitioner fails to show that she has such an interest in the realty in question as will entitle her to maintain an action to have canceled a deed executed recently by petitioner's mother, who is still in life, on the grounds that the same was procured by fraud, and that she was mentally incompetent to execute a deed.

3. The court properly dismissed the action on general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 12033. JANUARY 13, 1938.

*G. Seals Aiken,* for plaintiff.  *C. G. Battle,* for defendant.