33421. PIGGLY WIGGLY, MACON INC. *v.* KELSEY.

Decided March 15, 1951.

*John D. Comer, Harris, Harris, Russell & Weaver,* for plaintiff in error.

*E. W. Maynard, Carlton Mobley,* contra.

FELTON, J. ▮▮ The plaintiff in error contends that the general demurrer should have been sustained because the petition allegedly showed on its face that the plaintiff's own negligence was the proximate cause of the damages sued for. We agree that the general demurrer should have been sustained, but not for this reason. Except in clear and palpable cases, questions of negligence, contributory negligence, and proximate cause are questions for a jury. The plaintiff in error contends

that if the plaintiff exercised the caution alleged in ascertaining that the elevator was in place when he placed the first sack of sawdust on the elevator, he should also have exercised the same caution when returning to the elevator with the second sack; and that failure to so exercise this caution was lack of ordinary care upon the part of the plaintiff. We do not think that such constituted lack of ordinary care as a matter of law. A jury could find, if the evidence substantiates the pleading, that a prudent person under like circumstances could reasonably have expected that the elevator was still in place as he had left it; and this is especially true in view of the allegations that the elevator gate or door was still open, as he had left it only a short time before, and that in the light and shadows it appeared the elevator was still in place. *Camp* v. *Curry-Arrington Co.*, 41 *Ga. App.* 53 (151 S. E. 837). As was stated by this court in *Lowe* v. *Atlanta Masonic Temple Co.*, 79 *Ga. App.* 575, 580 (54 S. E. 2d, 677), cases such as the instant case all rest on their own peculiar facts, and the cases cited by the plaintiff in error to support its contention are distinguishable upon their facts from the instant case.

■ We think, however, that the general demurrer should have been sustained on the ground that the plaintiff does not allege facts showing that he was an invitee upon the elevator and the premises adjacent thereto, and thus entitled to the degree of care owed an invitee. A person may be an invitee as to certain parts of premises and a licensee or trespasser as to other parts. *Smith* v. *Jewell Cotton Mill Co.*, 29 *Ga. App.* 461 (116 S. E. 17) ; *Central Georgia Power Co.* v. *Walker*, 144 *Ga.* 124 (86 S. E. 319). If his invitation does not expressly or impliedly extend to the latter parts of the premises, or presence in the latter parts of the premises is not an essential to, or a related element of, the purpose of the initial invitation, a person is not an invitee when in the latter parts of the premises. The plaintiff alleges facts to establish himself as an invitee to the store portion of the defendant's premises, and bases his right of recovery on the theory of being an invitee; but he fails to allege that the initial invitation expressly extended to the use of the elevator, which was not located in the store portion of the premises, or that such use was an essential part of his initial invitation, or

that he customarily used the elevator for the purpose of moving the sawdust from one floor to another, with the knowledge of the defendant, when he sold and delivered sawdust to the defendant. Nor does the plaintiff allege that an agent of the defendant authorized to extend an invitation to use the elevator and the premises adjacent thereto saw him place the first sack of sawdust on the elevator and allowed him to so use the elevator without objecting thereto, so as to allege an implied invitation to use the elevator. In the absence of an allegation of at least one of the above propositions, the plaintiff fails to allege that he was an invitee while using the elevator; and, in view of the failure to so allege, the petition did not state a cause of action against the defendant, and the court erred in overruling the general demurrer.

■ Ground 4 of the renewed special demurrer is meritorious. The plaintiff only alleges those sections of the Macon elevator ordinance pertaining to the installation of hoist-way door locks and electric contacts on existing installations, and does not allege any provisions of the ordinance relating to the requirements of new installations. He does not allege that the elevator involved in the instant case was in existence at the time of the passage of the ordinance. In the absence of an allegation that the elevator was an existing installation, as referred to in the ordinance at the time the ordinance was passed, or an allegation setting out the requirements in the ordinance as to a new installation of elevators, this demurrer should have been sustained.

■ Ground 3 of the original special demurrer and grounds 2, 5, 6, and 7 of the renewed special demurrer, because they pertain to the merits of the case, are merged in the general demurrer.

■ The remaining grounds of the special demurrer are without merit.

The court erred in overruling the general demurrer and ground 4 of the renewed special demurrer.

*Judgment reversed.  Sutton, C.J., and Worrill, J., concur.*