## 35822. BARBER *v.* RICH'S, INC.

Decided October 14, 1955—Rehearing denied November 4, 1955.

*Fisher, Phillips & Allen, T. Charles Allen,* for plaintiff in error.
*Marshall, Greene & Neely, Ferdinand Buckley,* contra.

GARDNER, P. J. 1. Code § 105-401 reads: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." There is another principle of law which we deem pertinent to quote here and that is embraced in Code § 66-304. That section reads: "Except in case of railroad companies, the master shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." It is obvious that if the servant of the defendant had gone alone to get the wrench and had negligently injured himself he would have no action against the master, the defendant in this case. There are no allegations in the petition to show that the servant had any authority to employ the plaintiff to assist the servant in the manner alleged. The plaintiff became the servant of the defendant's servant when he assisted the servant of the master. So far as the petition alleges the defendant violated no duty which it owed to the plaintiff. In *Hill* v. *Davison-Paxon Co.*, 80 *Ga. App.* 840, 841 (57 S. E. 2d 680) it is said: "As between landlord and tenant, master and servant, and owner and customer, one who sustains injuries upon the property of the other, in order to recover, must show that two elements at least exist, viz., fault on the part of the owner, and ignorance of danger on the part of the invitee." Another case in point decided by this court is *Early* v. *Houser & Houser*, 28 *Ga. App.* 24 (1, 2, 3) (109 S. E. 2d 914), wherein it is said: "Legal liability results only from a breach of legal duty which implies the existence of some legal relation. One who without any employment whatever, but at the request of a servant who has no authority to employ other servants, voluntarily undertakes to perform service for a master is a mere volunteer, and the master does not owe him any duty except not to injure him wilfully and wantonly after his peril is discovered. The allegations of the petition failed to show a breach of any duty of the defendants to the plaintiff in connection with the act in which he is alleged to have been injured, and showed that this act was simply a voluntary one on his part, in which he assumed all the risk."

We call attention to *Carstarphen* v. *Ivey*, 66 *Ga. App.* 865 (19

S. E. 2d 341). The plaintiff lays considerable stress upon the case of *Helmly* v. *Savannah Office Building Co.*, 13 *Ga. App.* 498 (79 S. E. 364). In that case the elevator was being operated by a servant of the defendant. See *Macon Savings Bank* v. *Geoghegan*, 48 *Ga. App.* 1 (171 S. E. 853) ; *Byrd* v. *Atlanta National Bank*, 16 *Ga. App.* 7 (84 S. E. 219) ; and *Piggly Wiggly Macon, Inc.* v. *Kelsey*, 83 *Ga. App.* 526 (64 S. E. 2d 201). There are many decisions concerning the issue before us. We think it would be superfluous for us to enter into a discussion of these cases in an effort to distinguish them from the case at bar. The facts speak for themselves.

Counsel for the plaintiff call our attention and deal at length with the decision of the Supreme Court in *Wynne* v. *Southern Bell Telephone Co.*, 159 *Ga.* 623 (126 S. E. 388), which case dealt with a certified question propounded by this court to the Supreme Court. Since we have held that the defendant is not liable to the plaintiff in the instant case for the reason that the plaintiff was not the servant or invitee on the elevator of the defendant, he could not recover, and there is no reason for a discussion of *Wynne* v. *Southern Bell Telephone Co.*, supra. The same applies to *Glover* v. *City Council of Augusta*, 83 *Ga. App.* 314 (63 S. E. 2d 422).

The trial court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*