40946. HIGGINS, Executrix v. D. & F. ELECTRIC COMPANY.
40947. HIGGINS v. D. & F. ELECTRIC COMPANY.

DECIDED NOVEMBER 19, 1964—REHEARING DENIED DECEMBER 8, 1964.

Smith, Swift, Currie, McGhee & Hancock, Donald D. Smith, for plaintiffs in error.

Greene, Neely, Buckley & DeRieux, Harry L. Greene, contra.

JORDAN, Judge. It is contended by the defendant electrical company that the plaintiff's petition did not state a cause of action against it, and was thus properly dismissed on general demurrer, for the reasons that the facts alleged affirmatively disclosed that (1) the contract to perform the electrical work in the home of the plaintiff and her decedent was the individual undertaking of Cash who was not acting as agent or employee of the defendant company; (2) the decedent in assisting Cash was a volunteer and the company had breached no duty which it owed him in that capacity; and (3) the decedent failed to exercise ordinary care for his own safety. It is also contended that the trial court properly sustained the motion to dismiss the petition as finally amended as the amendments filed pursuant to the order of March 11, 1964, did not materially change the plaintiff's petition which the court had previously held in the order of March 11, 1964, to be insufficient to state a cause of action.

1. While the allegations of count 1 of the petition as finally amended show that the materials and labor for the work to be performed in the plaintiff's home were to be furnished by Cash

and that he was to receive the compensation therefor, it is alleged that in performing these services Cash was acting in behalf of the defendant company and within the scope of his employment under a contract executed by Cash as agent of the company. Under the terms of this contract the company was to obtain the required work permits from the appropriate governmental authority and it was to assume the responsible direction and control of the work to be performed by Cash, the petition specifically alleging that the company retained the right to direct and control the time and manner of performance of such work.

The petition also alleged in count 1 that the defendant company had authorized Cash to execute contracts of this nature in its behalf and that Cash had represented to the plaintiff's decedent that he was acting under this authority in contracting with him. It was further alleged that the decedent knew of this practice of the company in allowing certain of its employees, including Cash, to negotiate contracts of this nature in behalf of the company, and that the company had previously held Cash out to him as their agent for this purpose, and that the plaintiff's decedent relied on this knowledge in negotiating this contract.

Under these allegations, count 1 of the petition was sufficient not only to allege the principal-agent relationship between the defendant company and Cash but was also sufficient to authorize a finding that the company was estopped to deny this agency relationship. "When an alleged principal, by acts or conduct, has knowingly caused or permitted another to appear as his agent, he will be estopped to deny the agency, to the injury of third persons who have in good faith and in reasonable prudence dealt with the apparent agent on the faith of the relation." *Folsom v. Miller*, 102 Ga. App. 232, 234 (116 SE2d 1); *Davis v. Citizens-Floyd Bank &c. Co.*, 37 Ga. App. 275 (1) (139 SE 826); *Fitzgerald Cotton Oil Co. v. Farmers Supply Co.*, 3 Ga. App. 212 (1) (59 SE 713); *Bacon v. Dannenberg Co.*, 24 Ga. App. 540 (4) (101 SE 699).

Furthermore, the allegations of count 1 of the petition disclose that the defendant company with full knowledge that Cash, pur-

portedly acting in its behalf, had contracted with the plaintiff's decedent, subsequently secured the required work permit from the Fulton County Electrical Inspection Department and after the job had been completed made application to the Georgia Power Company for participation in its residential rewiring program. Under these allegations the following Code sections are applicable: "The principal shall be bound by all the acts of his agent within the scope of his authority; if the agent shall exceed his authority, the principal may not ratify in part and repudiate in part; he shall adopt either the whole or none." *Code* § 4-302.

"A ratification by the principal shall relate back to the act ratified, and shall take effect as if originally authorized. A ratification may be express, or implied from the acts or silence of the principal. A ratification once made may not be revoked." *Code* § 4-303.

As stated by the Supreme Court in *Greene v. Golucke*, 202 Ga. 494 (1) (43 SE2d 497), "Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him." Thus, assuming that the defendant company had not originally authorized Cash to contract in its behalf in this specific matter, the acts of the company (allegedly done with full knowledge of the material facts surrounding the transaction in question) in securing the work permit and in making the application with the Georgia Power Company in execution of the contract purportedly made by Cash in behalf of the company, would authorize a finding that it had recognized and ratified the authority of Cash to so act for it.

The allegations of count 1 of the petition as amended pursuant to the order of the court of March 11, 1964, were sufficient to allege that the work to be performed in the home of the plaintiff was the undertaking of the defendant company and not of Cash individually, and this count of the petition was not subject to general demurrer on this ground.

2. (a) The contention of the defendant company that the plaintiff's decedent was a volunteer as to the company is predi-

cated upon the principle of law that: "One who, without any employment whatever, but at the request of a servant who has no authority to employ other servants, voluntarily undertakes to perform service for a master is a mere volunteer, and the master does not owe him any duty, except that which he owes to a trespasser,—that is, not to injure him wilfully or wantonly after his peril is discovered." *Central of Ga. R. Co. v. Mullins*, 7 Ga. App. 381 (1) (66 SE 1028); *Atlanta &c. R. Co. v. West*, 121 Ga. 641 (49 SE 711, 67 LRA 701, 104 ASR 179); *Early v. Houser & Houser*, 28 Ga. App. 24 (109 SE 914); *Barber v. Rich's, Inc.*, 92 Ga. App. 880 (90 SE2d 666).

As held in *Southern R. Co. v. Benton*, 57 Ga. App. 520, 523 (196 SE 256), however, this principle of law has no application to a case such as this which is not based on the theory that at the time of the injury, the plaintiff's decedent was a servant of the defendant company, employed by an agent of the defendant company authorized to employ other servants; but rather, is based on the theory that the decedent had an interest in the subject matter sufficient to authorize him to lend his assistance to the company's employee. In the *Benton* case, supra, the plaintiff had brought a bale of cotton to the defendant's depot for shipment by the defendant railroad, and he was injured while he was attempting to place the bale of cotton in the defendant's warehouse at the request of the defendant's agent. The court thus held, at page 523: "Under the allegations of the petition, the plaintiff, at the time of his injury, was engaged in an act beneficial and of direct interest to himself as well as to the defendant, viz., the offering for shipment of his cotton over the line of the defendant, and in no sense of the word could he be considered a mere volunteer or intermeddler."

It is our opinion that here, as in the *Benton* case, supra, the plaintiff's decedent in lending assistance to the defendant company's employee who was allegedly engaged in performing certain electrical work in the decedent's home pursuant to a contract executed by the decedent and the company, was engaged in an act "beneficial and of direct interest to himself as well as to the defendant," and was not a mere volunteer. This case comes within the rule applied in *Hughes v. Weekley Elevator Co.*, 37

Ga. App. 130, 134 (138 SE 633) that, " 'One assisting the servants of another to facilitate his own business, or that of one to whom he sustains a contractual business relation, mutually beneficial is not a volunteer.' *Davis v. Savannah Lumber Co.*, 11 Ga. App. 610 (2) (75 SE 986)." This principle of law had previously been recognized by the Supreme Court in *Rhodes v. Georgia R. &c. Co.*, 84 Ga. 320, 326 (10 SE 922, 20 ASR 362).

"The word 'business' is commonly employed in connection with an occupation for livelihood or profit, but it is not limited to such pursuits. When Jesus said, 'Wist ye not that I must be about my Father's business?', He had no reference to matters involving pecuniary rewards." *Griffin v. Russell*, 144 Ga. 275, 278 (87 SE 10, LRA 1916F 216, AC 1917D 994).

(b) It is further contended by the defendant company in this regard that if the plaintiff's decedent was not a volunteer then he must be deemed to be a fellow servant of Cash and subject to the fellow-servant rule. This contention is decided adversely to the company's position in the *Hughes* case, supra, but the reasons for the non-applicability of the fellow-servant rule to a situation such as this are more clearly delineated in 56 CJS 1091, § 328b, as follows: "One who, in furtherance of his own interests, assists the servants of another in the performance of their work is not a trespasser, because he is lawfully in his place; he is not a fellow servant with the other servants, because he is not directly or indirectly retained or employed by the master of such servants; he is not a mere volunteer, because he does the work to further his own interests or those of his master. Therefore the master of such other servants is liable to him for injuries received as a result of their neglect or misconduct, and the fellow-servant rule is not applicable. This is true, even though the service is not wholly voluntary, but is induced by the request of a servant in the master's employ." See also Restatement of the Law, Ga. Anno., Agency 2nd, § 485.

(c) Count 1 of the petition was not subject to general demurrer, therefore, on the grounds that under the allegations of the petition the plaintiff's decedent was either a mere volunteer as to the defendant company or was a fellow servant of Cash.

3. The contention of the defendant company that the alle-

gations of the petition affirmatively disclosed that the plaintiff's decedent failed to exercise ordinary care for his own safety is likewise without merit as it cannot be said as a matter of law that the plaintiff's decedent who was alleged to be a building contractor, knew or should have known of the dangers incident to operating the electric drill, and that he is therefore barred from a recovery. This is an issue for the jury's determination.

4. Count 1 of the amended petition stated a cause of action against the defendant electrical company, and the trial court erred in its order of June 1, 1964, in sustaining the general demurrer to that count of the amended petition.

5. (a) The trial court in its order of March 11, 1964, properly sustained the general demurrer of the defendant company to count 1 of the plaintiff's petition for the reason that the allegations of count 1 of the petition prior to the amendments offered pursuant to the order of March 11, 1964, were utterly insufficient to allege the relationship of principal and agent between the defendant company and Cash with respect to the alleged execution of the contract with the plaintiff's decedent. However, as held in Division 1 of this opinion, count 1 of the petition as amended pursuant to that order, did sufficiently allege such agency relationship; and it cannot be said therefore that these amendments to count 1 were not material. Accordingly, the trial court erred in sustaining the defendant company's motion to dismiss count 1 of the petition as finally amended. See in this connection, *Clark v. S.F.C. Acceptance Corp.*, 109 Ga. App. 180 (135 SE2d 473).

(b) An examination of the amendments to count 2 of the petition made pursuant to the order of March 11, 1964, disclose, however, that they did not materially change this count; and it was not error therefore to dismiss count 2 of the petition as finally amended on motion of the defendant company for the reason that, under these circumstances, the order of March 11, 1964, established the law of the case that count 2 did not set forth a cause of action. *Northside Manor v. Vann*, 219 Ga. 298 (133 SE2d 32). It is unnecessary to rule on the order sustaining the general demurrers of the defendant company to this count of the petition as amended.

*Judgment affirmed in part; reversed in part. Bell, P. J., and Eberhardt, J., concur.*