## 35294. FRADY et al. v. IRVIN.

PER CURIAM.

Appellants, William Frady and Bob Frady, alleging independent theories for recovery, filed suit against Bernice Frady Irvin, appellee, seeking to set aside a warranty deed by which Myrtle Garrett Frady (Mrs. Frady) conveyed certain real estate (the Bertie Green Place) to the appellee, and for damages. Mrs. Frady is the mother of William and Bernice, and the grandmother of Bob. The trial court granted the appellee's motion for summary judgment as against the appellants' entire complaint. Appellants appeal from this order and also the adverse rulings on their motions to recuse the trial judge and for entry of a default judgment against the appellee.

1. The appellants argue that the trial judge who heard their motion to recuse erred in ruling that the trial judge to whom the present case was assigned did not have to be recused.

Canon III (c) (1) of the Georgia Code of Judicial Conduct provides that: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party . . ."

The only evidence presented to the hearing judge was the trial judge's testimony that he had no interest, pecuniary or otherwise, in the outcome of the present case and that he held no prejudice or bias for or against any of the parties involved in the litigation. The appellants' first enumeration of error is without merit.

2. The appellants next complain that the trial judge abused his discretion in not granting the appellants' motion to strike the appellee's answer and enter default judgment for the appellants.

Code Ann. § 81A-137 (d) provides that "If a party . . . fails . . . to serve answers or objections to interrogatories submitted under § 81A-133, after proper service of the interrogatories . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and, among others, it may [render a default judgment against the disobedient defendant]."

We have previously held that a finding of *wilful* failure is necessary before a trial judge is *authorized* to enter a default judgment against a disobedient defendant. *Swindell v. Swindell,* 233 Ga. 854, 856 (213 SE2d 697) (1975). Thus, in order to reverse the present trial judge's denial of the appellants' motion, this court would first have to hold that a finding of wilful failure to respond was demanded by the evidence as a matter of law.

The present appellate record reveals only that a period of two and one-half months (June 12, 1978 — August 28, 1978) elapsed before the appellee filed a response to the appellants' interrogatories. Such evidence does not demand, as a matter of law, a finding of wilful failure to respond. Accordingly, we hold that the trial court's denial of the appellants' motion for entry of default judgment against the appellee was not an abuse of discretion.

3. Enumerations of error 3, 4 and 5, concern only the appellant, William Frady, 3 and 4 involving his original complaint and 5 his amendment thereto.

William Frady alleged in his original complaint that the warranty deed conveying the real estate to the appellee was invalid, *first,* as regards a 1/6 undivided interest in the real estate, because he owned said interest by virtue of inheritance, and, *second,* as regards the 4/6 undivided interest admittedly owned by Mrs. Frady, because the appellee fraudulently induced Mrs. Frady to sign the warranty deed by assuring Mrs. Frady that said deed would function as a will devising Mrs. Frady's 4/6 undivided interest in the real estate equally between himself and the appellee.

The record reveals without dispute that the real estate involved in this litigation was owned by Vance Frady and Myrtle Garrett Frady as tenants in common and that Vance Frady died intestate on April 28, 1971, that there has been no administration of his estate, and that his heirs at law were and are his widow, Myrtle Garrett Frady and his two children, appellant William Frady and appellee Bernice Frady Irvin.

In recognition of these facts, the trial court granted William Frady partial summary judgment, holding that he "owns a one-sixth (1/6) undivided interest in the

property" such as would support reformation of the warranty deed.

The trial court, however, refused to set the deed aside as regards its conveyance of the 4/6 undivided interest admittedly owned by Mrs. Frady, and instead granted summary judgment to the appellee as against the second part of the appellant's original complaint.

In his third enumeration of error, William Frady argues that the trial court's grant of summary judgment against the second part of his original complaint was error since he has standing to seek the setting aside of the deed's conveyance of his mother's 4/6 undivided interest *on his own behalf.* It is factually undisputed that Mrs. Frady is still in life.

" 'No one can be an heir of a living person, and before the death of the ancestor an expectant heir has no interest or estate in property which he may subsequently inherit.' " *Harper v. Harper,* 241 Ga. 19, 20 (243 SE2d 74) (1978).

Accordingly, William Frady's status as an expectant heir does not constitute such an interest in the Bertie Green Place as will entitle him to maintain an action on his own behalf to cancel the deed executed by Mrs. Frady in favor of the appellee. *McCormick v. Robinson,* 185 Ga. 353 (195 SE 188) (1938). The third enumeration of error is without merit.

4. In the fourth enumeration of error, William Frady argues that the trial court's grant of summary judgment against the second part of his original complaint was error because the trial court failed to allow Mrs. Frady a reasonable time in which to ratify the filing of said complaint, or, in the alternative, because the trial court failed to appoint a guardian ad litem to prosecute the cause of action set out in said complaint on Mrs. Frady's behalf.

Code Ann. § 81A-117 (a) provides that "Every action shall be prosecuted in the name of the real party in interest . . . no action shall be dismissed on the ground it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by . . . the real party in interest . . ." Further Code Ann. § 81A-117 (c) provides: "The Court shall appoint a guardian ad litem for an . . . *incompetent* person not otherwise represented in an

action or shall make such other order as it deems proper for the protection of the . . . *incompetent* person."

In the present case, following the May 19, 1979 filing of William Frady's original complaint, the trial court conducted a hearing during which the court witnessed an extensive in-person examination of Mrs. Frady by counsel for both parties.

Toward the conclusion of this hearing, the trial court conducted its own interview of Mrs. Frady as follows: "The Court: Mrs. Frady, if I tell you that this document that you have signed here is a document which transfers all the rights and title and ownership that you have in the Bertie Green Property to your daughter Bernice, do you affirm this deed or repudiate it? The Witness: Well, they told me all of my share in this deed was all to go to her to take care of me. The Court: Was that your agreement with her? The Witness: Yes, and then he, my son, was to have a sixth and I don't know how hers is but anyhow he wasn't satisfied with a sixth. The Court: Alright, but now since you've made this deed has Mrs. Irvin been doing that what she promised to do? The Witness: Yes. The Court: And as long as she does what she promised to do do you have any question about giving her this property? The Witness: No."

We hold that the extensive in-person examination of Mrs. Frady, which the trial court both witnessed and participated in, provided more than sufficient evidence for that court's implicit holdings that Mrs. Frady did not choose to ratify the cause of action commenced by the appellant, William Frady, and that Mrs. Frady was not incompetent so as to warrant the appointment of a guardian ad litem to prosecute the cause of action on Mrs. Frady's behalf.

Further, we hold that the quoted in-court testimony of Mrs. Frady constitutes uncontradicted evidence of her *ratification* of the warranty deed as a conveyance of her 4/6 undivided interest in the real estate to the appellee. A ratification relates back to the act ratified and takes effect as if the act had been originally authorized. A ratification once made may not be revoked. Code Ann. § 4-303; *Higgins v. D. & F. Elec. Co.,* 110 Ga. App. 790, 799 (140 SE2d 99) (1964).

Accordingly, there being no genuine issue as regards the material fact of ratification, the trial court's grant of summary judgment against the second part of William Frady's original complaint, even assuming his standing to sue either on his own behalf or as Mrs. Frady's representative, was proper.

The fourth enumeration of error is without merit.

5. Finally, William Frady argues that the trial court erred in granting summary judgment against the following *amendment* to his original complaint: "During the year, 1969, Vance Frady verbally, gave the plaintiff, William Frady, the entire tract of land known as the . . . (Bertie Green Place). Plaintiff, William Frady, states that there was a witness to this transaction and that the defendant now holds two-thirds of the tract known as the Bertie Green Place as a constructive trustee for the plaintiff, William Frady."

The trial court concluded that this allegation failed to state a claim upon which relief could be granted because "an oral gift of real property, without more, does not pass title." We must reverse this holding.

"If a motion for summary judgment is based solely on the pleadings, as it may be, then there is no functional difference between that motion and a motion for judgment on the pleadings." 6 Moore's Federal Practice, § 56.09 (1976). Further, when a motion for a judgment on the pleadings is based on the insufficiency of the complaint said motion should not be granted "unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts . . ." *Tri-City Sanitation, Inc. v. Action Sanitation Service, Inc.,* 227 Ga. 489, 490 (181 SE2d 377) (1971). "The proper remedy for seeking more particularity is by motion for a more definite statement (Code Ann. § 81A-112 (e)) at the pleading stage or by the rules of discovery thereafter." *Cochran v. McCollum,* 233 Ga. 104, 105 (210 SE2d 13) (1974).

To constitute a valid parol gift of land, it is necessary that the donee take possession under the gift, and that he make valuable improvements thereon upon the faith of the donor's promise, or declared intention, to make the gift. *Foskey v. Dockery,* 241 Ga. 26, 27 (243 SE2d 70)

(1978).

Thus, while William Frady's amendment to his original complaint clearly does not state all of the essential elements of a proper cause of action to enforce a parol gift of land, the complaint does *not* disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts.

Further, construing the trial court's grant of summary judgment against William Frady's amendment as premised upon William Frady's failure to join indispensable parties, we note that it is not proper for a trial court to grant summary judgment against a plaintiff for failure to have joined an individual as an indispensable party *in the same order in which the trial court adjudicates said individual to be indispensable.* Rather, "[t]he proper procedure [is] to give the plaintiff an opportunity to join and to dismiss upon failure to do so." *Pickett v. Paine,* 230 Ga. 786, 796 (199 SE2d 223) (1973).

Accordingly, the trial court's grant of summary judgment as against William Frady's amendment to his original complaint is reversed.

6. Appellant Bob Frady argues that grant of summary judgment against him was error in that his complaint stated a claim upon which relief could be granted and the appellee failed to prove the absence of a genuine issue as to any material fact.

The appellant alleged the following: "[H]is grandmother, Myrtle Garrett Frady, attempted to give him certain properties located on the Bertie Green Place in order that he might build a home . . . [C]onstruction on said home was begun and the foundation was put in and other valuable improvements were made to said home . . . [H]e was directed by the defendant, Bernice Frady Irvin, to cease construction . . . ."

Reading Bob Frady's allegations in the context of the entire record, we understand the appellant to have alleged as follows: In 1977, Mrs. Frady, having been fraudulently deprived of her title to the Bertie Green Place by the appellee in 1973, and therefore believing that she was the legal owner of said property at the time, verbally gave a certain portion of said property to the appellant for the construction of a home; the appellant

began the construction of said home but was subsequently ordered by the appellee to cease the construction on the ground that by virtue of the 1973 deed title to the land resided in the appellee at the time of the alleged oral gift; as a result, the appellee's fraudulent procurement of title is presently interfering with the appellant's realization of the benefits of his grandmother's gift.

We note also that the parties in their briefs have construed Bob Frady's complaint to allege that the appellee knew the appellant was constructing a home on the deeded property and yet waited a full year before instructing the appellant that title to said property was in herself and that the construction must cease.

We hold that, regardless of which construction of Bob Frady's complaint is being considered, the trial court's grant of summary judgment against Bob Frady was proper.

The record reveals that the warranty deed by which Mrs. Frady conveyed her 4/6 undivided interest in the real estate to the appellee was *recorded on Feb. 1, 1973,* and that Bob Frady began construction of his home in September of *1977.*

A parol gift of land is enforceable *when the donee* takes possession under the gift and *makes valuable improvements thereon* upon the faith of the donor's declared intention to make the gift. *Foskey v. Dockery,* supra.

Thus, the appellant's rights in his alleged oral gift of land from Mrs. Frady could only have accrued in 1977 — *after* the warranty deed's recordation in 1973.

The effect of recording a deed, insofar as third parties are concerned, is to afford such third parties constructive notice of the existence of such deed. Further, insofar as priority between competing interests to the same property from the same grantor is concerned, the constructive notice afforded by a deed's recordation is sufficient to give that deed priority over any competing but after-acquired interests. *City Wholesale Co. v. Harper,* 100 Ga. App. 151,155 (110 SE2d 561) (1959).

Accordingly, we hold that the appellant's alleged interest in the real estate, having admittedly accrued subsequent to the recordation of the warranty deed

between Mrs. Frady and the appellee, is subservient to said deed and thus does not confer standing upon the appellant to seek to have the deed set aside on his own behalf. The only individual with such standing is Mrs. Frady, and, as noted in Division 4 of this opinion, the undisputed evidence demonstrates Mrs. Frady's ratification of the warranty deed as a conveyance of her 4/6 undivided interest in the real estate to the appellee.

The trial court's grant of summary judgment against the appellant, Bob Frady, is affirmed.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED AUGUST 24, 1979 — DECIDED
FEBRUARY 26, 1980.

*Marcus M. Cornelius,* for appellants.
*Cathey & Strain, Dennis T. Cathey,* for appellee.