## 39106. KEESE et al. v. BROWN.

WELTNER, Justice.

Keese brought a medical malpractice action, alleging that her child had died as a result of Brown's gross negligence, and demanded over $6,000,000 in damages. Brown moved to dismiss the complaint, as the demand stated sought damages in a specified sum exceeding $10,000, in violation of Code Ann. § 81A-108 (a).

Prior to a hearing or pre-trial order, Keese amended her complaint, praying for "judgment in excess of $10,000.00." Brown contends that this amendment came too late, as the original complaint generated substantial publicity, creating a climate wherein the case could not be litigated fairly.

The trial court dismissed Keese's complaint with prejudice, finding that her violation of Code Ann. § 81A-108 (a) caused Brown irreparable harm.

Code Ann. § 81A-108 (a) provides: "(1)(B) . . . in actions for medical malpractice in which a claim for unliquidated damages is made for a sum exceeding $10,000.00, the demand for judgment shall state the pleader 'demands judgment in excess of $10,000,' and no further monetary amount shall be stated. . . . (3) If the provisions of subsection (1)(B) of this section are violated, the court in which the action is pending, shall upon a proper motion strike the improper portion of the demand for judgment and may impose such other sanctions, including disciplinary action against the attorney, found in section 81A-137 as are appropriate."

Code Ann. § 81A-137 (b) (2) (C) authorizes the dismissal of an action as a sanction. We have construed this paragraph to require a showing of wilfulness before so drastic a penalty may be imposed. *Swindell v. Swindell,* 233 Ga. 854 (2) (213 SE2d 697) (1975); *Frady v. Irvin,* 245 Ga. 307 (2) (264 SE2d 866) (1980).

The trial court here made no such finding, and Brown neither alleged in his motion nor submitted evidence of wilfulness. Accordingly, the dismissal with prejudice was beyond the authority of the trial court.

*Judgment reversed. All the Justices concur.*

DECIDED DECEMBER 1, 1982.

*Robert J. Reed, Robert E. Andrews,* for appellants.

*Andrew J. Hill, Jr., Weymon H. Forrester, James A. Dunlap, James E. Brim III, Michael J. Bowers, Attorney General,* for appellee.

*Powell, Goldstein, Frazer & Murphy, Richard H. Vincent,*

*Robert N. Berg,* amicus curiae.