## 8621.  CAMMON *v.* THE STATE.

WADE, C. J.  1.  "The record of a deed properly executed is prima facie evidence of its delivery, and it becomes conclusive evidence if it is not rebutted by proof." *Mays* v. *Fletcher,* 137 *Ga.* 27, 29 (72 S. E. 409).  "The recording acts only authorize the clerk of the superior court to record such papers as are entitled to record and which have been attested in manner and form as the statute prescribes.  The registry of a deed serves a dual function; it is constructive notice of the existence of the original deed, and permits its reception in evidence without proof of its execution." *Glover* v. *Cox,* 137 *Ga.* 684, 691 (73 S. E. 1068, Ann. Cas. 1913D, 191).

2.  On the trial of one accused of selling mortgaged property, where the execution of the mortgage was not denied, but it was denied that the mortgage included (in the knowledge of the defendant) certain cottonseed alleged to have been sold, an instruction by the court that "the record of this mortgage is prima facie evidence of the genuineness of the mortgage, and that the party signing the mortgage knew and understood what he was doing," was, notwithstanding the general presumption of innocence, not error prejudicial to the defendant, the court further charging the jury, in that immediate connection, that "this prima facie presumption, however, may be overcome by proof,

and, as a matter of fact, if the defendant didn't know he was giving a mortgage, and didn't know he had given a mortgage and sold these seeds so believing, of course he couldn't do it with intention to defraud, and he would not be guilty .of this offense."

3. There is no merit in the ground of the motion for a new trial which assigns error on the admission in evidence of a mortgage in which the property alleged to have been illegally disposed of by the defendant is described as "my crop of cottonseed raised for this year, 1916, on the William Gower Farm, Polk county, Georgia," as the supplementary parol testimony, offered before the introduction of the mortgage, further and more clearly identified the property sold as that described in the said mortgage.

.4. The evidence as a whole sufficiently supported the verdict.

*Judgment affirmed. George and Luke, JJ., concur.*
DECIDED JUNE 13, 1917.

Indictment for sale of mortgaged property; from city court of Polk county—Judge John K. Davis. February 5, 1917.

*Irwin & Tison,* for plaintiff in error.

*J. A. Wright, solicitor, E. S. Ault,* contra.