WOOD *et al v.* CITY OF ROME.

No. 8075. MAY 12, 1931.

*M. B. Eubanks,* for plaintiff.

*L. H. Covington* and *Graham Wright,* for defendant.

HINES, J. Wood and others brought suit to enjoin the City of Rome from exercising any jurisdiction over person and property in the territory sought to be added to the original limits of that city by the act of the General Assembly approved August 8, 1929, upon the ground that the description of the boundaries of such newly added territory is so vague, indefinite, and uncertain that the territory can not be located under such description.

▉ It is essential that the territory embraced in a municipal corporation shall be well defined and clearly bounded. *Warren* v. *Branan,* 109 *Ga.* 835 (35 S. E. 383). Is the description of the boundaries of the territory added by the act of 1929 to the former territory of the City of Rome so vague, uncertain, and indefinite as to render the ascertainment of such new territory impossible? By section 1(A) of the act of 1929 the boundary of the territory sought to be added to the City of Rome is described in part as "beginning where the present city boundary crosses Hill Street or Avenue, east of Second Avenue, in the Seventh Ward; thence southerly along a street or alley two hundred feet, more or less, east of Second Avenue to Archer Street." Acts 1929, p. 1254. Plaintiffs contend that the former boundary of the City of Rome did not cross Hill Street or Avenue east of Second Avenue, that there is no street or alley leading southerly from such starting point, and that there is no such street as Archer Street running east and west 200 feet, more or less, southerly from the original boundary line. This contention is unfounded. By the second section of said act reference is expressly made to a revised map of the Deitz and Brothers map of the City of Rome of 1890, made by Adolph and C. O. Deitz in 1922, for the names of streets, location of streets and other facts

to identify and locate the boundary lines of the newly added territory. This map was introduced in evidence on the hearing, and a copy thereof is embraced in the record in this case. From this map it appears that the former boundary line of the City of Rome crossed Hill Street or Avenue east of Second Avenue in the Seventh Ward, and that such new boundary extended southerly along a street or alley which runs 200 feet, more or less, east of Second Avenue to Archer Street. The above act does not describe Archer Street as lying 200 feet, more or less, southerly from the original boundary line. The act describes the boundary line of the new territory as running from the above starting point southerly along a street or alley 200 feet, more or less, east of Second Avenue, to Archer Street. This map discloses that this latter description of the boundary line is entirely correct. The boundary of the newly added territory given in this act can be easily and clearly located by reference to this map which is made a part of this act. So it follows that the contention of the plaintiffs in this matter is wholly without merit.

■ Plaintiffs aver that the entire act of 1929 is unconstitutional and void, for the reason that it violates par. 17 of sec. 7 of art. 3 of the constitution of this State, which declares that "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." Civil Code (1910), § 6445. The act of 1929 is entitled "An act to amend an act entitled 'An act to create a new charter and municipal government of the City of Rome, to define the rights and powers of the municipality, to define the corporate limits thereof, and to repeal all former charters and all laws in conflict therewith,' approved August 19, 1918, as amended; to provide for annexation of new territory and the extension of the corporate limits of said city," etc. The contention of the plaintiffs that the act of 1929 undertakes to amend the charter of the City of Rome by a mere reference to the title of the original act, and does not distinctly describe the law to be amended, nor the alterations to be made, is without merit. A mere reading of the title to this act shows that this contention is unfounded.

Plaintiffs further contend that the act of 1929 is unconstitu-

tional and void because it violates par. 8 of sec. 7 of art. 3 of the constitution of this State, which provides that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." Civil Code (1910), § 6437. The specific contention is that the act of 1929 purports to amend the act of August 19, 1918, which created a charter for the City of Rome, while in section 10 thereof it undertakes to amend the act of August 18, 1927, which amended the charter of this city, and that the act of 1929 further undertakes to amend the act of August 19, 1918, the act of August 7, 1925, and the act of August 18, 1927, which acts create or amend the charter of said city. This contention is unfounded. The act of 1929 does not violate the above constitutional provision. *Mayor &c. of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247); *Welborne* v. *State,* 114 *Ga.* 793, 821 (40 S. E. 857); *Richardson* v. *Macon,* 132 *Ga.* 122 (63 S. E. 790); *Town of Poulan* v. *A. C. L. R. Co.,* 123 *Ga.* 605 (51 S. E. 657).

■ The trial judge did not err, upon the conclusion of the evidence, in granting a nonsuit and dismissing the case.

*Judgment affirmed. All the Justices concur.*