HARDY *v.* BRANNEN *et al.*

No. 14165.   JULY 15, 1942.

254

*John F. Brannen,* for plaintiff in error.

*George M. Johnston,* contra.

REID, Chief Justice. ■ "Where a deed or grant refers to a plat as furnishing the description of the land conveyed, the plat itself and the words and marks on it are as much a part of the grant or deed, and control so far as limits are concerned, as if such descriptive features were written out on the face of the deed or grant itself. Cragin *v.* Powell, 128 U. S. 691 (9 Sup. Ct. 203, 32 L. ed. 566); *Schreck* v. *Blun,* 131 *Ga.* 489 (62 S. E. 705); *Thompson* v. *Hill,* 137 *Ga.* 308 (73 S. E. 640); *Aiken* v. *Wallace,* 134 *Ga.* 873 (68 S. E. 937)." *State* v. *Ga. Ry. & Power Co.,* 141 *Ga.* 153, 156 (80 S. E. 657); *Tilley* v. *Malcolm,* 149 *Ga.* 514 (101 S. E. 127). Applying the foregoing principle to the facts of the present case, the defendant could not claim any possession under "written evidence of title," and thus could not claim any title by prescription under provisions of the Code, § 85-407. *Berry* v. *Clark,* 117 *Ga.* 964, 966 (44 S. E. 824). Nor could his own possession and that of his predecessors in title back to 1933 (when possession by Brannen terminated as to the 290-acre tract) be considered as extended to both tracts in the enclosure, under the Code, §§ 85-404 or 85-405. This is true because he had no paper title to the smaller tract. He makes no claim of such adverse possession (for twenty years) as would give him title under the Code, § 85-406. Likewise, there was nothing in the case to involve "general reputation in the neighborhood . . as to ancient landmarks of more than thirty years standing," as contended in behalf of the defendant under the Code, § 85-1602. There was no dispute about boundaries really involved, as contended. As the judge remarked in the course of the trial, the dispute was not as to boundaries, but as to title. In *Standard Oil Co.* v. *Altman,* 173 *Ga.* 777, 779 (161 S. E. 353), where the action

was brought as a complaint for land, it was said: "But to make that line as a matter of law the true dividing line, in a suit for land where title is involved, it should be made to appear that the defendants had good paper title to the land up to that line and had had bona fide possession of the same for a period of seven years." *Shahan* v. *Watkins,* 194 *Ga.* 164 (21 S. E. 2d, 58). So far as acquiescence in a dividing line is concerned, it is obvious that the fence of enclosure was the true dividing line between Brannen's property and that of some adjoining-land owner (not clearly identified in the record), but that had no reference to the land conveyed to Hardy. Brannen owned and had title to the smaller tract and there was no dispute about it. Neither Hardy nor any of his predecessors in title as to his purchase owned it. After 1933 they were in possession of it, but even then until Hardy himself entered (less than seven years before the suit) the possession under the record was permissive as to the Brannen heirs.

The defendant completely failed to make out any claim of title; and that of the plaintiffs being established, the verdict was properly directed in their favor. None other could have been sustained.

■ While there were various special grounds of the motion for new trial, they all sought by different means to raise the question dealt with and controlled by what has been stated in the foregoing discussion. *Judgment affirmed. All the Justices concur.*