20584. CROOKE *et al.* v. PROPERTY MANAGEMENT SERVICES, INC.

WYATT, Presiding Justice. Property Management Services, Incorporated, filed a suit for specific performance of a contract for the sale of land against Mrs. Mary Sewell Crooke et al.

The contract which is the basis of the suit provided in substance that the defendant in error, under the terms of the contract, had the option to buy described lands at a fixed price within a period of 14 months from the date of the contract. This property was described as unit 1. The contract further provided that, in the event the option above referred to was exercised, the defendant in error had an option to purchase seven additional tracts of land known as units 2 through 8. The completion of the second step as provided in the option contract was to be within a period of 12 months, and then gave to the defendant in error the right to proceed with the purchase of units 3 through 8, each at a fixed price and to be exercised in each instance within a period of 12 months. The petition alleged that the option in so far as unit 1 is concerned had been exercised and the possession of the property delivered to the defendant in error; that, within the period of time provided in the contract, the defendant in error had tendered to the plaintiffs in error the full purchase price for unit number 2, and the plaintiffs in error had refused the tender and refused to comply with the terms of the contract. The description of unit 2 as contained in the contract reads as follows: "In consideration of making such initial purchase, sellers further agree to grant a continuing option to buyer, or assigns, to purchase at acreage price not to exceed $1,425 per acre ten (10) additional adjoining acres, more or less, to the north of said Unit 1 and to be known as Unit II of the Sewell Estate shown by plat by Watts and Browning, Engineers, dated September 29, 1956, herewith attached, Providing the aforesaid first unit is completely paid for within fourteen (14) months after the closing of said Unit I. See Plat Book 15, Page 46, Cobb County Records." A general demurrer to the petition was overruled, and the exception here is to that judgment. *Held*:

1. The plaintiffs in error state the questions to be decided in the following language: "I. What does the petition ask to be specifically performed—the conveyance of Unit #2 or of all the land of the defendants in error (sic) in the entire seven (7) land lots? II. As the descriptions depend upon a plat, and as Exhibit A states that the plat is attached and Exhibit C states that the plat will be attached, should the plat be attached? III. Presuming that the petitioner wishes specific performance of the option to purchase Unit II, can

specific performance of a continuing option be granted based on a description not set forth, for periods of time which may exceed the limits set by the rule against perpetuities, and which the defendant in error may not exercise?" As to the first question, a mere reading of the contract will disclose that the only property now involved is tract number 2.

2. In so far as the second question posed by the plaintiffs in error is concerned, we are here dealing with a general demurrer. No special demurrer was interposed. The plat referred to in the contract as describing the property in question was referred to by the book and page in the office of the clerk where the plat is alleged to be duly recorded. "Where a deed or grant refers to a plat as furnishing the description of the land conveyed, the plat itself and the words and marks on it are as much a part of the grant or deed, and control, so far as limits are concerned, as if such descriptive features were written out on the face of the deed or grant itself." *Westbrook* v. *Comer*, 197 *Ga.* 433 (2) (29 S. E. 2d 574). See also *State of Ga.* v. *Ga. Ry. &c. Co.*, 141 *Ga.* 153 (80 S. E. 867); *Valdosta Machinery Co.* v. *Finley*, 164 *Ga.* 706 (139 S. E. 337); *Lewis* v. *Trimble*, 151 *Ga.* 97 (106 S. E. 101). Bearing in mind that we are only dealing with a general demurrer, applying the rules of law set forth in the above-cited cases, we hold that reference to a plat by the book and page where the plat is recorded is sufficient, and whether or not the plat does in fact properly describe the property will be a matter of proof.

3. Since the maximum time covered by the contract is nine years and two months, clearly the rule against perpetuities has no application.

4. It follows from what has been said above, the judgment of the trial court was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1959—DECIDED OCTOBER 13, 1959.

*Mitchell, Clarke, Pate & Anderson,* for plaintiffs in error.
*Nall, Miller, Cadenhead & Dennis, James W. Dorsey,* contra.