26281. STAFFORD et al. v. CITY OF HINESVILLE et al.

UNDERCOFLER, Justice. Robert P. Stafford, Reppard Parker, and Freeman Smith, as citizens, taxpayers and property owners of Liberty County, Georgia, for themselves and others similarly situated, filed a complaint against the City of Hinesville, its Mayor, City Commissioners, Clerk and City Manager. The complaint alleges that on February, 16, 1970, an Act was approved and enrolled amending the charter of the City of Hines-

ville, Georgia, so as to change the corporate limits of the city by a referendum. Ga. L. 1970. p. 2053. By the referendum held under the Act, the change in the corporate limits of the city was approved. The complaint alleges that the description of the corporate limits contained in the Act is too vague and indefinite to define and locate the territory now embraced within the corporate limits of the City of Hinesville and for this reason the Act is void. The complaint further alleges that the city has appraised the property of the complainants and others for the purpose of levying texes. The complaint sought an injunction and to have the Act of 1970 declared null and void.

The defendant moved for a summary judgment with supporting affidavits. The complainants filed affidavits in opposition to the motion. The trial court granted the defendants' motion for summary judgment and dismissed the complaint. The appeal is from this judgment. *Held:*

The question for decision is whether the Act of 1970 (Ga. L. 1970, p. 2053) sufficiently describes the corporate limits of the City of Hinesville. The corporate limits are described in the Act by courses and distances and reference is made therein to a map of survey prepared by L. O. Reddick and recorded in "Plat Book 4, page 21, of the Clerk of the Superior Court of Liberty County, Georgia."

It is not necessary for this court to decide whether the courses and distances description of the corporate limits set out in the Act is sufficient because the Act refers to the recorded map of survey. When reference is made to this recorded map, the boundary of the newly added territory can be located easily and clearly. *Wood v. City of Rome,* 172 Ga. 696, 698 (158 SE 585). "Where a deed or grant refers to a plat as furnishing the description of the land conveyed, the plat itself and the words and marks on it are as much a part of the grant or deed, and control, so far as limits are concerned, as if such descriptive features were written out on the face of the deed or grant itself. *Westbrook v. Comer,* 197 Ga. 433 (2) (29 SE2d 574)." *Crooke v. Property Management Services, Inc.,* 215 Ga. 410, 412 (110 SE2d 677).

The map attached to the affidavits was sufficiently shown to be

the map referred to in the Act and recorded in the office of the clerk of the superior court and it sufficiently described the newly annexed corporate limits of the City of Hinesville.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JANUARY 11, 1971—DECIDED FEBRUARY 15, 1971.

*Albert E. Butler,* for appellants.
*Jones, Kemp & Osteen, Noel Osteen, Charles M. Jones,* for appellees.