27631. GRAY v. DeKALB COUNTY.

ARGUED DECEMBER 12, 1972—DECIDED JANUARY 24, 1973.

*McCurdy, Candler & Harris, George H. Carley, Jerry L. Stepp,* for appellant.
*George P. Dillard, Robert E. Mozley,* for appellee.

MOBLEY, Chief Justice. DeKalb County, Georgia, brought its petition seeking to temporarily and permanently restrain and enjoin L. W. Gray from maintaining any structure on a described lot in violation of a zoning ordinance of the county, which ordinance provides that there shall be a minimum of 10 feet of open space between the side of the structure and the property line.

The appeal is from an order of the trial court, entered after a hearing, (1) denying the motion of the defendant to dismiss the complaint; (2) denying the defendant's prayer to restrain and enjoin the county from enforcing its zoning ordinance as applied to the described property; and (3) restraining and enjoining the defendant from transferring his interest in the property, and from making further improvements on the property, until

further order of the court.

Nine errors are enumerated, but these are consolidated in the defendant's brief into three contentions, and we will deal with these.

1. The first contention is that the county failed to state a claim upon which relief could be granted because it failed to show that it had no adequate remedy at law, and therefore was not entitled to injunctive relief.

Ga. L. 1956, Vol. 2, pp. 3332, 3344, § 12, specifically authorizes the building inspector, county attorney, or other appropriate authority of the county, to enforce the zoning ordinances of the county by injunction, mandamus, or other appropriate action or proceeding to prevent unlawful erection, construction, etc., and to correct or abate such violation and prevent occupancy of such unlawful building, structure, or land. Clearly the county is an "appropriate authority" to bring the action. This contention is without merit.

2. The defendant contends that the zoning ordinance of DeKalb County, as applied to him and the particular circumstances as shown by the pleadings and evidence, is so unjust and unreasonable as to be unenforceable.

The basis for this contention is that the house was ninety percent, or more, completed when the county brought this action to enjoin him from maintaining the structure on the lot in violation of the zoning ordinance.

The undisputed evidence is that the southwest corner of the house is 8.6 feet from the property line, and the southeast corner is 1.2 feet from the property line. The zoning authorities did not discover the violation until the house was ninety percent completed. They immediately ordered the construction stopped, which the defendant complied with.

The defendant testified that he bought this property to construct homes in this subdivision. He has been in the building business for 25 years and keeps up with zoning and planning regulations. He, or his builder, obviously

either failed to determine where the property lines were or intentionally failed to comply with the zoning regulations. The excuse for placing the house too close to the property line was that there was a tree and a hole on the lot and this was the only way they could locate it. However, he admits that he thought of moving the house, and that he could move it, but decided that was too expensive, "would cost a right smart of money."

Under this evidence we must conclude that the defendant can move the house and bring it in compliance with zoning regulations. He made no showing that the house cannot be moved or that he would suffer irreparable harm by moving it.

The zoning ordinance as applied in this case is not so unjust and unreasonable as to be unenforceable.

3. It is contended that the trial court erred in enjoining the defendant from transferring his interest in the property and from making any further improvements on the property until the further order of the court.

The case of *Stephens v. State Highway Dept.,* 223 Ga. 713 (157 SE2d 751), relied upon by the defendant, is distinguishable from this case. There the judge in granting the interlocutory injunction would require the defendants to demolish a portion of a substantial and permanently constructed building. Here nothing is required to be done except to maintain the status quo until the case is finally decided, or to bring the building in compliance with the zoning ordinance.

The trial judge did not err in requiring that the property not be transferred or further improvements made until the case could be finally tried.

*Judgment affirmed. All the Justices concur, except Hawes, J., who dissents.*

HAWES, Justice, dissenting. I think that the trial judge abused his discretion in granting a temporary injunction under the facts of this case. The case of *Springtime, Inc. v. Douglas County,* 228 Ga. 753 (2) (187 SE2d 874) decided

by this court less than a year ago applying the principle of stale demands is controlling here. There we said, "A party is not entitled to an injunction when, with full knowledge of his rights, he has been guilty of delay and laches in asserting them, and has negligently suffered large expenditures to be made by another party on whom great injury would be inflicted by the grant of the injunction. *Holt v. Parsons,* [118 Ga. 895, 899 (45 SE 690)]; *City of Elberton v. Pearle Cotton Mills,* 123 Ga. 1 (1) (50 SE 977); *Whipkey v. Turner,* 206 Ga. 410, 415 (57 SE2d 481); *Black v. Barnes,* 215 Ga. 827, 829 (114 SE2d 38); *Goodwin v. First Baptist Church,* 225 Ga. 448, 451 (169 SE2d 334)." The judicial facts of this case are not substantially different from the facts of that case. Here the evidence shows without dispute that the defendant procured a building permit from the county on October 29, 1970; that he started construction of the building in February, 1971; that the first inspection had on the building after construction was started was the footing inspection, or foundation, at which time, according to the testimony of the building inspector, it would have been possible to ascertain that the structure when completed would not comply with the sideline requirements of the ordinance. The evidence does not show when the footing inspection was had, but it does show that the county did not become aware of the violation until eight months after the construction was started in October of 1971, at which time the house was substantially complete (according to the county's own witness, at least 90 percent complete). Apparently, the defendant was notified at that time and administratively ordered to stop construction. He complied with that order and has not, since it was issued, performed any work toward the completion of the house. However, it was more than nine months after that before this suit was commenced.

I think that DeKalb County had constructive notice of the violation of the ordinance in question sometime in

February or March, 1971 when the footing inspection was made. Equity aids the vigilant, not the slothful. It was incumbent upon the county then to move to correct what appears to have been an honest mistake on the part of Mr. Gray at a time when such mistake could be corrected with a minimum expense to him. To permit the county, after the house was 90 percent complete, to enjoin the defendant from completing it and to require him to move the structure, to my mind, perpetrates an injustice. I cannot visualize a court of equity lending its aid to such an unconscionable action. I must, therefore, respectfully dissent from the opinion and decision of the majority in this case.