The plaintiff, in his capacity as assistant city planner for the city of Milford and enforcing officer of the city's zoning regulations, instituted this action seeking an injunction against the defendant landowner requiring him to repair a sidewalk, curbing and an off-street parking area and restraining him from occupying the adjoining premises, and seeking civil penalties. From a judgment of dismissal following the presentation of the plaintiff's evidence, the plaintiff has appealed.
The factual situation does not appear to be in dispute. From 1970 to 1981, the plaintiff was the acting zoning enforcement officer of the city of Milford. The defendant is the owner of the premises located at 285 *Page 335 
Seaside Avenue in Milford which is a corner lot at the intersection of Seaside Avenue and Seaside Court. On January 4, 1977, the defendant was granted a variance by the Milford zoning board of appeals to convert the existing structure from a single family dwelling to a four unit residential apartment building. He subsequently applied for a special permit to construct an addition to the existing structure. In connection with this application, he submitted to the planning and zoning board, a copy of the plans for the addition. The plans were approved subject, however, to the repair of existing curbs and sidewalks on Seaside Avenue and on Seaside Court to the specifications of the city engineer's office as provided in 20-23 of the Milford city code.[1]
The defendant did not obtain specifications for the line and grade of the curbs and sidewalks from the city engineer's office but, instead, proceeded to repair them to their existing dimensions. He subsequently applied to the plaintiff for a certificate of occupancy which the plaintiff denied when he learned from the city engineer's *Page 336 
office that the defendant had failed to comply with 20-23 and that the parking area was not properly striped. The plaintiff notified the defendant of the denial and informed him that occupancy of the premises without a certificate of occupancy would constitute a violation of the Milford zoning regulations. Nevertheless, the defendant permitted tenants to occupy the premises.[2]
Thereafter, the plaintiff instituted the present suit. At the close of the plaintiff's case, the defendant moved for a judgment of dismissal, pursuant to Practice Book 302, on the grounds that the plaintiff failed to prove irreparable injury and the lack of an adequate remedy at law. The court granted the motion on the latter ground and this appeal followed.
The plaintiff has raised several issues; we need consider only one, however, as it is dispositive. The plaintiff contends that there is no requirement that a municipality or municipal official, seeking to enjoin a violation of local zoning regulations pursuant to General Statutes8-12, plead and prove irreparable injury or the lack of an adequate remedy at law. We agree.
The trial court, in dismissing the plaintiff's action, adhered to the general principle that "[i]njunctive relief is appropriate only where two conditions are met: the plaintiff must allege and prove that absent such relief he will suffer irreparable injury; and he must allege and demonstrate that he has no adequate remedy at law." *Page 337 
Connecticut Mobile Home Assn., Inc. v. Jensen's, Inc., 178 Conn. 586, 592, 424 A.2d 285 (1979); Hartford v. American Arbitration Assn., 174 Conn. 472,476, 391 A.2d 137 (1978); Stocker v. Waterbury, 154 Conn. 446, 449, 226 A.2d 514
(1967). The plaintiff in the present case, however, was acting pursuant to General Statutes8-12,[3] which authorizes, in addition to other remedies, actions "to restrain, correct or abate" violations of zoning regulations.
Cases from other jurisdictions have held that where a statute authorizes a municipality or public entity to seek an injunction in order to enforce compliance with a local zoning ordinance, but says nothing about the injury caused, the municipality is not required to show irreparable harm or the unavailability of an adequate remedy at law before obtaining an injunction; rather, all that must be shown is a violation of the ordinance. See, e.g., Gray v. Dekalb County,230 Ga. 95, 96, 195 S.E.2d 914 (1973); DeSchamps v. Board of Zoning Appeals, 241 Ind. 615, 620,174 N.E.2d 581 (1961); County of Columbia v. Bylewski, 94 Wis.2d 153, 163, 288 N.W.2d 129
(1980); see also 8A McQuillin, Municipal *Page 338 
Corporations (3d Ed. Rev.) 25.344; 42 Am.Jur.2d 788, Injunctions 48. The rationale underlying this rule that the complainant is relieved of his burden of proving irreparable harm and no adequate remedy at law is that the enactment of the statute by implication assumes that no adequate alternative remedy exists and that the injury was irreparable, that is, the legislation was needed or else it would not have been enacted. Conway v. State Board of Health, 252 Miss. 315,324-25, 173 So.2d 412 (1965).
We subscribe to this viewpoint and hold that the plaintiff is not required to prove the lack of an adequate remedy at law. Accordingly, the trial court erred in dismissing the case.
 There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.
In this opinion BIELUCH and F. HENNESSY, Js., concurred.