A97A0871. REIDLING v. HOLCOMB et al.
(483 SE2d 624)

ELDRIDGE, Judge.

In May 1995, appellant Greg Reidling was shown property in the Southfield subdivision in Hall County. The salesman who showed the lot allegedly worked for appellees, Jack Waldrip and Larry Holcomb, doing business as Jack Waldrip Realty. The salesman gave appellant a copy of a subdivision plat which identified the property as Lot 4 of the subdivision; however, the plat was outdated, and the recorded revised plat identified the parcel as Lot 1 instead of Lot 4; the salesman walked the boundaries of the parcel with appellant. In his affidavit, appellant did not say that he had a title search done, that he had a lawyer represent him at the real estate closing, or that he had checked the deed records or examined the recorded plat that gave the legal description to the lot he purchased to determine what he was, in fact, purchasing.

Subsequently, appellant purchased Lot 4 of the recorded plat, which was not the parcel that he had inspected with the salesman, from appellees on May 12, 1995, and began construction of a residence upon such lot. Appellant is a home builder, by profession, and subsequently, entered into a sales contract for the house and lot with a buyer. After appellant completed approximately 75 percent of the construction of the house, appellee, Jack Hulsey, notified appellant that Hulsey owned the lot, that the subdivision plat had been revised so that Lot 4 of the old plat was recorded as Lot 1, that appellant owned Lot 4 of the recorded plat, and that Hulsey was taking possession of the house and lot, and that Hulsey would complete the con-

struction of the house himself.

Appellant sued Waldrip and Holcomb for negligence and Hulsey for unjust enrichment. Appellant also sued Hulsey for injunctive relief. All the appellees answered. Appellees filed motions for summary judgment. As evidence in support of the motions for summary judgment, appellees submitted the warranty deed between appellant and the appellees-grantors, which described the parcel as Lot 4 of the Southfield subdivision, recorded on plat slide 153, page 123 A, of the Hall County records. Also submitted was the unrecorded plat, which differed from the recorded plat and which was revised on July 2, 1992. The sales contract signed by appellant and appellees-grantors identified the lot as Lot 4, plat slide 1793, page 230-236. Appellees also submitted an affidavit of their employee, Brenda Mulligan, who testified that on May 16, 1995, she gave appellant on his request, a copy of the correct recorded plat on plat slide 153, page 123 A. Appellant denied ever going to the office, talking to Mulligan, or receiving the plat. On July 15, 1992, Hulsey was conveyed title to Lot 1, which appellant mistakenly believed to be Lot 4.

The trial court granted the appellees' motions for summary judgment on October 2, 1996. Appellant filed a timely notice of appeal.

1. While appellant enumerates four alleged errors of the trial court in granting the summary judgments, the appellees were entitled to the grant of summary judgment as a matter of law, because the sole proximate cause of appellant's damages was appellant's own conduct, which bars recovery.

OCGA §§ 44-2-26; 44-2-27; and 44-2-28 provide that survey plats can be recorded in the records of the clerk of the superior court and can be incorporated by reference into any deed as the legal description of the property, as if set forth in the deed itself. OCGA §§ 44-2-1 and 44-2-3 provide for notice to the world of such title to the legally described property. "From this wording and from the various interpretations and applications thereof by the courts, it may be safely deduced that the sole purpose and effect of recordation of both deeds of bargain and sale and of deeds and bills of sale to secure debt insofar as third parties are concerned, is to afford such third parties constructive notice of the existence of such deed. *Cammon v. State*, 20 Ga. App. 175 (1) (92 SE 957) [(1917)]. Insofar as priority between deeds or bills of sale to the same property from the same grantor are concerned, constructive notice as afforded by its proper recordation is sufficient. *McElwaney v. MacDiarmid*, 131 Ga. 97 (3) (62 SE 20) [(1908)]." *City Wholesale Co. v. Harper*, 100 Ga. App. 151, 154-155 (110 SE2d 561) (1959); see also *Fourth Nat. Bank of Columbus v. Howell*, 92 Ga. App. 868 (90 SE2d 78) (1955). "The purpose of the recording statute is to protect against the negligent. It is by that statute made the plain duty of a grantee to record his deed, thereby giv-

ing constructive notice to every one of its existence and of his rights thereunder; and since it is thus made the duty of such grantee to supply notice, every one is justified in relying upon an examination of the record and believing that a purchase of land will convey all title which the record fails to disclose is in another." *Archer v. Kelley*, 194 Ga. 117, 127 (3) (21 SE2d 51) (1942).

When a deed incorporates a recorded plat by reference as the legal description, such incorporated plat has the effect as if it were written out in the deed. *Crooke v. Property Mgmt. Svcs.*, 215 Ga. 410 (110 SE2d 677) (1959); *Westbrook v. Comer*, 197 Ga. 433 (29 SE2d 574) (1944); *Hardy v. Brannen*, 194 Ga. 252 (21 SE2d 417) (1942).

OCGA § 23-1-17 provides that "[n]otice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led. Ignorance of a fact due to negligence shall be equivalent to knowledge in fixing the rights of parties." See also *Henson v. Bridges*, 218 Ga. 6 (126 SE2d 226) (1962).

Appellant was under constructive notice not only as to the legal description of his own deed which incorporated the recorded plat by reference, but also as to the ownership of the lot that appellant believed he was buying but that was owned by Hulsey; a title examination would have disclosed the recorded plat and revealed his mistake prior to any conveyance. If appellant had read his own deed and determined the Lot 4 legal description from the recorded plat, then even after the erroneous purchase of the wrong Lot 4 appellant would have known which lot he had purchased and avoided the error of building on the wrong parcel. No one prevented appellant from checking the deed or plat records and ascertaining for himself the exact location of his lot in the subdivision. Thus, appellant's acts or omissions constitute the sole proximate cause of his injuries; appellant's failure to exercise ordinary care for his own safety or to avoid the negligence, if any, of appellees is so plain, palpable, and indisputable as to bar his recovery as a matter of law. *Atlanta Obstetrics &c. Group v. Coleman*, 260 Ga. 569, 570 (398 SE2d 16) (1990); *Leonardson v. Ga. Power Co.*, 210 Ga. App. 574, 576 (436 SE2d 690) (1993); *Ridgeway v. Whisman*, 210 Ga. App. 169, 170 (435 SE2d 624) (1993); *Whatley v. Henry*, 65 Ga. App. 668, 674 (16 SE2d 214) (1941).

2. The theory of recovery for unjust enrichment arises both at law and equity. *McCullough v. Kirby*, 204 Ga. 738 (51 SE2d 812) (1949); *Bituminous Cas. Corp. v. Vaughn*, 103 Ga. App. 660 (120 SE2d 190) (1961); *U. S. Cas. Co. v. Peachtree Roxboro Corp.*, 103 Ga. App. 532 (120 SE2d 161) (1961). If this action were exclusively in equity, then appellant's acts and omissions would bar any relief under the maxims of equity. *Glens Falls Indem. Co. v. Liberty Mut. Ins. Co.*, 202 Ga. 752 (44 SE2d 543) (1947).

The concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received; otherwise the party has been unjustly enriched at the expense of another and, in fairness and good conscience, must reimburse the other to the extent of the value conferred. Inherent in unjust enrichment is the requirement that the receiving party knew of the value being bestowed upon them by another and failed to stop the act or to reject the benefit. In the case sub judice, there is no evidence that appellee Hulsey was aware of appellant's mistake or was standing by while the house was being built, thereby intentionally failing to act so that a greater benefit would flow to him from appellant's negligence in building on the wrong lot.

"Where one without knowledge neither authorizes, consents to, nor ratifies another's labor or permanent improvements to property, there is no duty imposed upon the one so benefited to make restitution. The reason is that in the absence of knowledge or authorization it would be unduly harsh to require the recipient's return of the value of goods and services when the goods or services cannot themselves be returned. [Cit.]" *Beavers v. Weatherly*, 250 Ga. 546, 548 (2) (299 SE2d 730) (1983).

The trial judge did not err in granting the motion for summary judgment for all appellees.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 5, 1997.

*Valpey & Walker, Harold M. Walker, Jr.*, for appellant.
*Hulsey, Oliver & Mahar, Jane A. Range, Abbott S. Hayes, Jr., Susan D. Brown, William I. Sykes, Jr.*, for appellees.