A01A0729. CITY OF STATHAM v. DIVERSIFIED DEVELOPMENT COMPANY.
(550 SE2d 410)

BLACKBURN, Chief Judge.

The City of Statham (the City) brought the underlying action against Diversified Development Company seeking an injunction which would require that Diversified remove four billboards which were erected in violation of city ordinances. The parties filed competing motions for summary judgment, and the trial court granted Diversified's motion. The City appeals. "We review a trial court's grant of summary judgment de novo, and we view the evidence in the light most favorable to the nonmovant. On de novo review, we 'owe no deference to the trial court's conclusions of law. Instead, we are free to apply anew the legal principles to the facts.'" (Footnotes omitted.) *Delta Air Lines v. Clayton County Bd. of Tax Assessors.*[1]

In the present case, when Diversified applied for four permits to construct outdoor advertising signs on its property located in Statham, the City denied the permits based upon a moratorium on billboard permits it had recently adopted. Diversified sued the City, and, in that action, the trial court determined that the moratorium was invalid and ordered the City to issue "the requested permits and perform any and all other administrative action necessary to allow [Diversified] to erect the proposed outdoor advertising signs." Thereafter, the City issued the requested permits, noting on each permit that it was issued specifically pursuant to the trial court's order dated January 14, 1999.

As Diversified began to build the billboards, the City realized that the billboards were being constructed in violation of local ordinances, in that the billboards: (1) exceeded the 50-foot height limitation; (2) were being built within the 50-foot setback required from the highway; and (3) were being built on easements that were not properly recorded. It is clear that the City was aware that the proposed billboards violated the height requirement when the permits were originally requested, and the City relied upon the moratorium in denying the permits. It is unclear, however, whether the City was aware of the other alleged violations prior to construction. The City

---

[1] *Delta Air Lines v. Clayton County Bd. of Tax Assessors*, 246 Ga. App. 225, 226 (539 SE2d 905) (2000).

issued a stop-work order on January 7, 2000. After Diversified failed to stop work on the billboards, the City filed the underlying action seeking an injunction to halt construction.

In granting Diversified's motion for summary judgment, the trial court determined that res judicata barred the City's enforcement of the violated ordinances because, in the first action, the City had filed a pleading affirming Diversified's position that, but for the moratorium, the permits would be issued. Although this pleading is not in the record, the trial court specifically refers to it in its order, and the City does not dispute this fact. Additionally, in granting Diversified's motion for summary judgment, the trial court determined that the failure to record the easement on which the billboards were being placed was not a violation which would support an injunction.

1. In its first enumeration of error, the City contends that the trial court erred in failing to grant an injunction against Diversified's billboards after incorrectly ruling that res judicata prevents it from enforcing its ordinances.

OCGA § 9-12-40 provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." In deciding whether OCGA § 9-12-40 operates to bar a claim in the present case, we must consider: "(a) whether there is a valid antecedent judgment; (b) whether there is identity of parties; (c) whether there is identity of issues; and (d) whether reasons of public policy militate against a strict application of the above statute in this case." *Fierer v. Ashe.*[2]

Here, there is no question that a valid antecedent judgment exists which arose out of a case involving the same parties and in which the same matters either were in issue or could have been put in issue. Therefore, we must consider whether public policy precludes the strict application of the doctrine of res judicata under the facts of this case.

In a long line of cases, the Supreme Court of Georgia has held that "[w]here a permit is issued by a governing body in violation of an ordinance, even under a mistake of fact, it is void, and its holder does not acquire any rights." *Matheson v. DeKalb County.*[3] See *Corey Outdoor Advertising v. Bd. of Zoning Adjustment &c.*[4] Although the issue in *Matheson*, supra, and *Corey Outdoor*, supra, involved whether the governing authority was estopped from asserting the ordinance viola-

---

[2] *Fierer v. Ashe*, 147 Ga. App. 446, 448 (249 SE2d 270) (1978).

[3] *Matheson v. DeKalb County*, 257 Ga. 48, 49 (3) (354 SE2d 121) (1987).

[4] *Corey Outdoor Advertising v. Bd. of Zoning Adjustment &c.*, 254 Ga. 221, 224 (3) (327 SE2d 178) (1985).

tions rather than the application of res judicata, we must determine whether the underlying principles discussed therein support the same conclusion in the present case.

In *Corey Outdoor*, supra, Corey Outdoor Advertising, Inc. was issued a permit by the City of Atlanta to erect a billboard within 300 feet of a historic property. After determining that the billboard violated an ordinance prohibiting general advertising signs within 300 feet of the boundaries of certain historic property, including the property in question, the City of Atlanta issued stop-work orders. Corey ignored the stop-work orders and completed construction of the billboard.

In determining whether the City of Atlanta was estopped from enforcing the ordinance, the Supreme Court of Georgia determined that " '[t]here is no such doctrine known to the law as a set-off of wrongs. Not even estoppel can legalize or vitalize that which the law declares unlawful and void. If so, the conduct of individuals, whether independently or collusively, could render any and all laws invalid and impotent.' " *Corey Outdoor*, supra at 224 (3). Additionally, in determining that the building permit created no constitutionally protected right, the Court held, " '[a] permit issued for a use or structure which is forbidden by the ordinance is beyond the power of the officer to issue; consequently, it has no legal status, is invalid, and is itself entirely without power to clothe its holder with any legal rights thereunder.' " Id. at 225 (4).

> Municipalities act in both a governmental and a proprietary capacity, and an estoppel is not asserted if such will embarrass a municipality in its capacity as a governing body or operate to prevent it from exercising its police power. In regulating zoning, a municipality is exercising its police power. It is a governmental function for which the municipality, for instance, is not liable in negligence. OCGA § 36-33-1. Even zoning based merely on aesthetic interests is a reasonable and proper exercise of the city's police power. The continued existence of the [appellee's] billboard violates a city ordinance and interferes with the city's governmental powers; therefore, under an equitable balancing of interests, estoppel cannot be asserted against the city.

(Citations and punctuation omitted.) *Corey Outdoor*, supra at 224-225 (3).

Although the underlying issue in *Matheson*, supra, and *Corey Outdoor*, supra, dealt with estoppel, the same balancing of interests militates against the strict application of the doctrine of res judicata in the present case. If Diversified's billboards violate city ordinances,

then they are illegal. The cases addressing the estoppel argument recognize a burden on the developer to assure that its construction complies with existing ordinances. Developers cannot benefit from their own negligent or intentional submission of building permit requests which seek to authorize violations of ordinances, except as provided by law. Developers have been required to move whole houses that were built within the set-back zones. See *Gray v. DeKalb County*.[5]

The trial court erred in applying the doctrine of res judicata to the present case and in granting Diversified's motion for summary judgment. Because the trial court did not rule on whether Diversified's billboards violated the size and location ordinances as claimed by the City, we remand the case for consideration of the City's motion for summary judgment on those issues.

2. In its second enumeration of error, the City contends that the trial court erred in failing to grant an injunction against Diversified's billboards after incorrectly ruling that the billboards do not violate the City's zoning and development ordinances. As discussed in Division 1, after applying res judicata, the trial court did not address whether the billboards violated the City's zoning ordinances. Therefore, that issue is not before us. However, the trial court did determine that the City was not entitled to an injunction based upon its argument that Diversified's billboards were illegal because the easements were not shown on the final plat and were therefore unapproved and that the transfer of the tracts from Diversified to other buyers was illegal due to the lack of a final, correct, and approved plat. The trial court's order denying the City's motion for summary judgment on these issues is affirmed.

Without citation to authority, the City contends that the billboards are illegal because they are constructed on easements which are not recorded. However, recording statutes are for the benefit of third parties "acting in good faith and without notice who have acquired an interest in the same property." *Leeds Bldg. Products v. Sears Mtg. Corp.*[6] See *Reidling v. Holcomb*.[7] An easement between a buyer and seller is valid between that buyer and seller regardless of whether it is recorded; if unrecorded, the easement is merely a personal contract. *Moore v. Dixon*.[8] Furthermore, it is undisputed that at the time Diversified obtained its permits, it was the sole owner of the property. Under these facts, the City is without standing to pursue its claimed error. The City claimed that Diversified's billboards were

[5] *Gray v. DeKalb County*, 230 Ga. 95, 97 (195 SE2d 914) (1973).
[6] *Leeds Bldg. Products v. Sears Mtg. Corp.*, 267 Ga. 300, 302 (1) (477 SE2d 565) (1996).
[7] *Reidling v. Holcomb*, 225 Ga. App. 229, 230 (1) (483 SE2d 624) (1997).
[8] *Moore v. Dixon*, 264 Ga. 797, 798 (1) (452 SE2d 484) (1994).

illegal because (1) the easements were not shown on the final plat and were therefore unapproved and (2) the transfer of the tracts from Diversified to other buyers was illegal due to the lack of a final, correct, and approved plat. The trial court correctly granted Diversified's motion for summary judgment on these issues.

The trial court's order granting summary judgment to Diversified is affirmed in part and reversed in part.

*Judgment affirmed in part, reversed in part and case remanded. Pope, P. J., and Mikell, J., concur.*

DECIDED MAY 18, 2001 —
RECONSIDERATION DENIED JULY 31, 2001 — 

*Jenkins & Nelson, Peter R. Olson,* for appellant.
*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling,* for appellee.